

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUMBERTO CORTEZ PUENTES, | No. 19-71102 |
| Petitioner, | Agency No. A206-358-704 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2021
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,** District
Judge.

Petitioner Humberto Cortez Puentes seeks review of the Board of

Immigration Appeals' ("BIA") final order denying his request for cancellation of

removal on the ground that he was convicted of a crime involving moral turpitude.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

We deny the petition because the BIA properly concluded that Petitioner's conviction categorically involved moral turpitude.

"The BIA has defined a crime involving moral turpitude as having two essential elements: [1] reprehensible conduct and [2] a culpable mental state." Ortega-Lopez v. Barr, 978 F.3d 680, 685 (9th Cir. 2020) (internal quotation marks omitted) (brackets in original).

1. Petitioner pleaded guilty to attempting to commit a Category D felony of torturing or unjustifiable maiming, mutilating, or killing an animal kept for companionship or pleasure. Nev. Rev. Stat. §§ 193.330(1)(a)(5), 574.100(1)(a), 574.100(6)(a). By doing so, he pleaded guilty to having the specific intent to commit the relevant class D felony, id. § 193.330(1), which in turn required him to act "willfully and maliciously," id. § 574.100(6)(a). Accordingly, the crime of conviction categorically encompasses a culpable mental state.

2. The BIA permissibly concluded that the crime of conviction categorically involves reprehensible conduct. We recently held that the infliction of suffering on animals, without justification, makes animal cruelty a crime involving moral turpitude. Ortega-Lopez, 978 F.3d at 687. The statute in question does not apply to acts that interfere with, among other things, Nevada's fish and game laws, the right to kill all animals and fowls used for food, or "established methods of animal

2

husbandry." Nev. Rev. Stat. § 574.200(1). Thus, an element of the crime of conviction necessarily negates Petitioner's contention that his actions were "justified" as methods of horse training.

**PETITION DENIED.**